# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

CARL E. McCLELLAND, SR.,     *

                               *

          Petitioner,       *

                               *

v.                          *     CASE NO. 7:07-CV-130 (WLS)

                               *       28 U.S.C. § 2254

WARDEN HAMRICK,         *

                               *

          Respondent.     *

## REPORT AND RECOMMENDATION

Before the court is Respondent's Motion to Dismiss Petition As Untimely. (R-10).

Petitioner has filed his Response (R-12) to Respondent's Motion to Dismiss.

On June 24, 2003, Petitioner pled guilty to one count of child molestation. (R-2-1).

Petitioner did not appeal his conviction. On May 28, 2004, Petitioner filed a state habeas

corpus petition wherein he challenged his child molestation. (R-10-2, R-15, Resp. Ex. 1).

After an evidentiary hearing was conducted, the petition was denied on January 3, 2006. (R-

15, Resp. Ex. 3). Petitioner then filed application for a certificate of probable cause to

appeal, pursuant to O.C.G.A. § 9-14-52, in the Georgia Supreme Court, which was denied

on October 16, 2006. (R-12). Petitioner filed his present § 2254 petition on January 17,

2007. (R-2).

## The AEDPA Period of Limitations

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was

enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas

petitions in the federal courts. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65, 118 S.Ct. 1969 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Under that statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of **direct review** or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(a)(A). (emphasis added). In *Kaufmann v. United States,* 282 F.3d 1336 (11th Cir. 2002), *cert. denied,* 123 S. Ct. 286 (2002), the United States Court of Appeals for the Eleventh Circuit joined other Circuits in holding that the AEDPA provides, *inter alia,* that a habeas petition may not be filed more than one year from the "date on which the judgment becomes *final." Id*. at 1339. The *Kaufmann* Court stated:

> We are persuaded by the fact that the Supreme Court has

2

expressly defined when a conviction becomes "final," albeit prior to the enactment of AEDPA. *See Griffith v. Kentucky,* 479 U.S. 314, 107 S. Ct. 708 (1987). In *Griffith,* the Court stated: "By *final,* we mean a case in which a judgment of conviction has been rendered, that availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Id.* at 321 n.6, 107 S. Ct. 708 (emphasis added).

Pursuant to O.C.G.A. § 5-6-38, the Petitioner had thirty days from the date of his conviction in which to file a notice of appeal. Petitioner pled guilty and was sentenced on June 24, 2003, and thus, had until July 25, 2003, to file a motion to withdraw his guilty plea or a discretionary appeal with the Georgia Court of Appeals. Having failed to file a direct appeal, the AEDPA one-year period of limitation, within which Petitioner could have filed a federal application for *writ of habeas corpus* pursuant to 28 U.S.C. § 2254, began to run on July 28, 2003[1], and ran until the day the Petitioner executed his state habeas petition on May 28, 2004, allowing 305 days of his 365-day period to elapse.

As set out above, the AEDPA one year limitations period provides that "the time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is *pending* shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). The United States Supreme Court, held that "... an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing

---

[1] Petitioner's last day to properly file a direct appeal fell on Friday, July 25, 2003. Thus, his AEDPA time began to run on Monday, July 28, 2003.

3

filings. These usually prescribe, for example, the form of the document, *the time limits upon its delivery*, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 321 U.S. 4 (2000) (emphasis added). The Eleventh Circuit has further held that "[E]ven prior to *Artuz,* this Court held that a petitioner's state post-conviction application must meet state filing deadlines in order to toll AEDPA's one-year limitation period." *Wade v. Battle,* 379 F.3d 1254, 1260 (11th Cir. 2004); citing *Webster v. Moore,* 199 F.3d 1256, 1258 (11th Cir. 2000).

As such, Petitioner's one-year time period for filing his § 2254 petition was tolled during the pendency of his state habeas petition. Petitioner's application for certificate of probable cause was to appeal was denied on October 16, 2006. (R-10-2, 12). Petitioner's one year statute of limitations began to run again on October 17, 2006. Thus, at this time, Petitioner had 60 days left in which to file a § 2254 petition. Based on the foregoing, then, on January 15, 2007, when Petitioner executed his federal habeas petition, 90 days had passed and Petitioner's federal limitations period had already expired. Petitioner's habeas corpus petition was, therefore, 30 days out of time. Thus, Petitioner's application must be concluded to be barred by the AEDPA statute of limitations.

THEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss Petitioner's Application for Habeas Relief under 28 U.S.C. § 2244(d) be **GRANTED**, and Petitioner's § 2254 action be **DISMISSED.** In addition, Petitioner has an outstanding Motion for De Novo Investigation (R-5), which would be rendered moot if this

recommendation is adopted. THEREFORE, it is also recommended that said motion (R-5) be **DENIED** as moot. Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 10th day of September, 2007.


S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc